## STATE v. W. B. SMITH.

### (Filed 9 May, 1917.)

**1. Municipal Corporations—Cities and Towns—Ordinances—Peddlers—Privilege Tax—Exceptions—Statutes—Farm Products—Meat.**

The general law of 1915, with regard to selling by itinerant merchants or peddlers, excepts those who sell or offer for sale "any articles of the farm or dairy," excludes meat butchered by a farmer from cattle he has raised on his own farm; and where a town ordinance makes it a misdemeanor for such venders to sell meat within its limits without first obtaining a town privilege tax, except those who are exempt under the general law, a farmer selling meat upon the streets of the town butchered from cattle he had raised comes within the exception made in the ordinance.

**2. Municipal Corporations—Cities and Towns—Ordinances—Peddlers—Privilege Tax—Exceptions—Burden of Proof.**

Where there is evidence tending to show that the defendant had peddled meat upon the streets of a town, without a license, prohibited by ordinance, with certain exceptions, the burden is upon the defendant to show he comes within the exceptions, when this defense is relied upon.

**3. Same—Trials—Evidence—Questions for Jury—Instructions.**

Where the defendant seeks to avoid the charge of violating a town ordinance in peddling meat upon the streets without paying the privilege tax upon the ground that the meat he sold was obtained from his own cattle he had raised upon his farm, and there is evidence that he bought and butchered cattle in the regular way, and peddled the meat, several times a week, cutting it up for customers and weighing it upon his wagon, the question of his good faith and the real character of the transaction, under proper instructions, is properly submitted to the jury.

DEFENDANT was tried and convicted at January Term, 1917, of GASTON, before *Cline, J.,* upon a warrant charging him with violating the following ordinance of the city of Gastonia:

"*Fresh Meat Peddler.* That every itinerant merchant or peddler selling or offering to sell, beef, pork, mutton, or any other fresh meat in the city of Gastonia shall pay a privilege tax of $25 per annum; and that any itinerant merchant or peddler selling or offering to sell pork, beef, mutton, or any other fresh meat of any kind in the city of Gastonia without having first paid the privilege tax required in this section and obtained a license for the same shall be guilty of a misdemeanor, and on conviction thereof before the judge of the municipal court shall be subject to a fine of $25 for each offense: *Provided,* the provisions of this section shall not be so.construed as to apply to such persons as are exempt under the general laws of the State."

The defendant appealed.

*Attorney-General Manning and Assistant Attorney General Sykes and Mangum & Woltz for the State.*
*Carpenter & Carpenter for defendant.*

BROWN, J. It is admitted that the exemption "under the general laws of the State" referred to in the ordinance is as follows: "Any person who shall carry from place to place any goods, wares, or merchandise, and offer to sell or barter the same, or actually sells or barters the same, shall be deemed to be a peddler, and shall pay a license tax as follows: . . . This section shall not apply to those who sell or offer for sale books, periodicals, printed music, ice, fuel, fish, vegetables, fruits, or any articles of the farm or dairy or articles of their own individual manufacture, except medicines or drugs." Chapter 285, sec. 44, Public Laws 1915.

The evidence of the State tended to prove that the defendant in November, 1916, and many times theretofore, brought beef into the city of Gastonia on a wagon and drove from house to house, cut up and weighed the beef, and sold it by retail on the streets of the said city without license. The evidence of the defendant tended to prove that he is a farmer, and had cattle on his farm, where he lived, 5 or 6 miles from the city; that the cattle which he owned were born on his farm, or which he purchased when suckling calves, and which he kept and raised on his farm, and that he would kill one of such cattle occasionally and cut it up and haul it in his wagon to the city of Gastonia, and sell the same out at retail on the streets of said city.

The contention that beef does not come within the terms of the exception above quoted cannot be sustained. The words "or any articles of the farm" are evidently used to embrace all the products of the farm, and cattle, sheep, and hogs, when raised on the farm, are as much articles or products of the farm as the corn and grass upon which they are fed. It is the well known custom of farmers to bring to the adjacent cities and towns dressed beef, mutton, hogs, and other farm products and sell them out of their carts and wagons upon the public streets. It was not the purpose of the General Assembly to exact a peddler's license tax when the farmer is selling beef and other products of his own raising. *S. v. Spaugh,* 129 N. C., 564.

The contention of the defendant that the court erred in the charge as to the burden of proof cannot be sustained. When the State proved to the satisfaction of the jury that the defendant was engaged in peddling beef regularly two or three times every week on the public streets without license, a *prima facie* case was made, and, nothing else appearing, the State would be entitled to a verdict. It was then incumbent upon the defendant to offer evidence to the satisfaction of he jury

to bring himself within the terms of the exception, for when the defendant relies upon the exception as a defense to the charge he must show that he comes within it.

The court, among other instructions, charged: "So, the court instructs you, gentlemen of the jury, that if you find or are satisfied beyond a reasonable doubt from the evidence in this case that the defendant, William B. Smith, did butcher and bring upon the market in Gastonia and sell at retail along the streets of the city fresh beef from time to time between the last of September and the latter part of November of last year, and that he failed to pay the license tax as required by the ordinance, when it was demanded of him, it would be your duty to find him guilty in this case, unless at the same time you are satisfied that the meat that he sold was the product of his own farm or that it was meat, that is to say, beef that was killed by him and put upon the market from cattle that were owned by him there on the farm in the ordinary course of his business and used there in good faith as a part of the property and products of his farm.

"I have tried to explain that to you before. I have said I think that would include calves or steers which were born or dropped upon his farm where the mother belonged to him or was one that he had purchased or more than one that he had purchased, if he had purchased it in the ordinary course of business, and, as I told you before, to milk or use or to eat up the surplus products of the farm, grass, grain, or whatever it may be or things of that sort.

"(I) But if, on the other hand, you find from the evidence, gentlemen of the jury, that the cattle or some of the cattle that were marketed here as beef by the defendant were purchased by him with a view to reselling for beef—in other words, if they were cattle that he was procuring and later on was slaughtering in the nature and character of a butcher for commercial purposes, as distinguished from his ordinary work as a farmer, why then, as to such cattle, he would not fall within the exemption of the statute; and, if you find that he was engaged in that kind of business, as charged by the State, it would be your duty to find him guilty." (J.)

To that part of his Honor's charge between the letters (I) and (J) the defendant excepted.

We see no error in the charge of the court. It is a full and clear presentation of the case to the jury. There is no question about the right of a farmer to raise cattle on his farm and sell it out when butchered upon the streets of the cities and towns of the State without paying a license tax, and he may buy calves, beeves, hogs, and sheep with which to stock his farm and consume its surplus crops, and he may likewise kill and sell those without a license.

The judge presented this view very clearly. But it must be done in good faith as a farmer selling the products of his farm, and not as a regular business of butchering cattle for market. If he wishes to conduct a regular butcher shop on his wagon and go into the business, the farmer must pay the license tax required of others in the butcher business.

There is evidence offered by the State tending to prove that defendant conducted a butcher shop on his wagon, peddling out beef by the small quantity, cutting it up and weighing it on his wagon; that he did this regularly two or three times each week for several months during the fall of 1916; that when he listed his taxes in May he had only one cow; that he was not raising cattle; that he butchered cattle for others and sold it out on his wagon and received pay for his services. There is evidence for defendant that he purchased the calves and raised them on his farm and sold the beef so procured at retail from his wagon. He admits that he butchered and sold beef on the streets for others and was paid for it.

We think the good faith of defendant and the real character of the transaction was properly left to the jury in a charge of which defendant cannot justly complain.

No error.